Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Proposed Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>dELiA*s, INC.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 20-3397172 |
| In re:<br><br>dELiA*s DISTRIBUTION COMPANY,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 23-2909076 |
| In re:<br><br>A MERCHANDISE, LLC,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 27-0037639 |

| | |
|---|---|
| In re: <br><br> dELiA*s OPERATING COMPANY, <br><br> 50 West 23rd Street, New York, NY 10010 <br><br> Debtor. | Chapter 11 <br><br> Case No. 14- (___) <br><br> Tax I.D. No. 13-3953765 |
| In re: <br><br> dELiA*s RETAIL COMPANY, <br><br> 50 West 23rd Street, New York, NY 10010 <br><br> Debtor. | Chapter 11 <br><br> Case No. 14- (___) <br><br> Tax I.D. No. 23-2920036 |
| In re: <br><br> dELiA*s GROUP INC., <br><br> 50 West 23rd Street, New York, NY 10010 <br><br> Debtor. | Chapter 11 <br><br> Case No. 14- (___) <br><br> Tax I.D. No. 13-3914035 |
| In re: <br><br> AMG DIRECT, LLC, <br><br> 50 West 23rd Street, New York, NY 10010 <br><br> Debtor. | Chapter 11 <br><br> Case No. 14- (___) <br><br> Tax I.D. No. 20-1129236 |
| In re: <br><br> dELiA*s ASSETS CORP., <br><br> 50 West 23rd Street, New York, NY 10010 <br><br> Debtor. | Chapter 11 <br><br> Case No. 14- (___) <br><br> Tax I.D. No. 13-3963754 |

| | |
|---|---|
| In re:<br><br>DACCS, Inc.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 42-1750225 |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT
ADMINISTRATION OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

dELiA*s, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), providing for the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these Chapter 11 cases list the Debtors' tax identification numbers and addresses. In support of the Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Edward Brennan Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 342(c)(1) of the title 11 of the United States Code (the "Bankruptcy Code") and rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.[1]

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. All the Debtors in these Chapter 11 Cases except for dELiA*s, Inc. ("Delia's"), are direct or indirect subsidiaries of Delia's. As such, they are

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

"affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).

9. Moreover, the joint administration of the Debtors' Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors.

10. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

11. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 14- ___ (___)<br><br>Jointly Administered |

13.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

14.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' Chapter 11 Cases (except that of Delia's), substantially as follows:

> An order has been entered in this case consolidating this case with the case of dELiA*s, Inc., Case No. 14- [_] ([___]), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 14- [_] ([___]) should be consulted for all matters affecting this case.

15.     It would be far more practical and expedient for the administration of these Chapter 11 Cases if the Court were to authorize their joint administration.  The Debtors envision that many of the motions, hearings, and other matters involved in these Chapter 11 Cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, Chapter 11 Cases.

---

[2] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.

16. Joint administration of interrelated Chapter 11 cases is routinely approved by courts in this District under similar circumstances. <u>See</u>, <u>e.g.</u>,. <u>In re Sbarro, Inc.</u>, Case No. 11-11527 (Bankr. S.D.N.Y. Apr. 5, 2011); <u>In re MSR Resort Golf Course, LLC</u>, Case No. 11-10372 (Bankr. S.D.N.Y. Feb. 2, 2011); <u>In re InSight Health Servs. Holdings Corp.</u>, Case No. 16564 (Bankr. S.D.N.Y. Dec. 14, 2010).[3]

17. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest and, therefore, should be granted.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

18. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## NOTICE

19. No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to Salus Capital Partners, LLC, as the administrative agent under the Debtors' prepetition credit facility; (iii) counsel to General Electric Capital Corporation as the issuer of the prepetition letter of credit agreement; (iv) the parties included on the Debtors' consolidated list of fifty (50) largest unsecured creditors; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York, (vii) the U.S. Securities and Exchange Commission; and

---

[3] Copies of these orders are available on request.

(viii) any such other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule for the Southern District of New York 9013-1(b). The Debtors submit that no other or further notice need be given.

## NO PRIOR REQUEST

20.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  New York, New York
        December 7, 2014

*/s/ Gregg M. Galardi*
Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Proposed Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

EAST\86924727.3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>dELiA*s, INC.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 20-3397172 |
| In re:<br><br>dELiA*s DISTRIBUTION COMPANY,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 23-2909076 |
| In re:<br><br>A MERCHANDISE, LLC,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 27-0037639 |
| In re:<br><br>dELiA*s OPERATING COMPANY,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 13-3953765 |
| In re:<br><br>dELiA*s RETAIL COMPANY,<br><br>50 West 23rd Street, New York, NY 10010<br><br>Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 23-2920036 |

| | |
|---|---|
| In re:<br><br>dELiA*s GROUP INC.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>       Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 13-3914035 |
| In re:<br><br>AMG DIRECT, LLC,<br><br>50 West 23rd Street, New York, NY 10010<br><br>       Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 20-1129236 |
| In re:<br><br>dELiA*s ASSETS CORP.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>       Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 13-39663754 |
| In re:<br><br>DACCS, Inc.,<br><br>50 West 23rd Street, New York, NY 10010<br><br>       Debtor. | Chapter 11<br><br>Case No. 14- (___)<br><br>Tax I.D. No. 42-1750225 |

**ORDER DIRECTING JOINT ADMINISTRATION
OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1015(b) directing joint administration of these cases and administratively consolidating the respective Chapter 11 cases of each Debtor for

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion related hereto.

EAST\86924727.3        2

procedural purposes only; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, stakeholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 cases of the Debtors be, and hereby is, jointly administered by the Court.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[2] | Chapter 11<br><br>Case No. 14- ___ (___)<br><br>Jointly Administered |
|---|---|

4. Each motion, application and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of dELiA*s, Inc., Case No. 14-____ (__).

5. A docket entry shall be made in each of the Debtors' cases (except that of dELiA*s, Inc.) substantially as follows:

---

[2] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

>An order has been entered in this case consolidating this case with the case of dELiA*s, Inc., Case No. 14- (__), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 14- (__) should be consulted for all matters affecting this case.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: New York, New York
       December ___, 2014

                                        UNITED STATES BANKRUPTCY JUDGE