UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14- 23678 (RDD)<br><br>Jointly Administered |

**INTERIM ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTORS'
CASH MANAGEMENT SYSTEM, (II) AUTHORIZING CONTINUED
MAINTENANCE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND
(III) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF
SECTION 345(B) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections 105, 345 and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors' to continue to use their existing Cash Management System, (ii) authorizing, but not directing, the continued maintenance of existing bank accounts and authorizing a waiver of certain operating guidelines set forth in the U.S. Trustee Guidelines, and (iii) granting the Debtors a 45-day extension to comply with the investment and deposit requirements of section 345(b) of the Bankruptcy Code or file a motion for an additional extension or waiver of the requirements of section 345(b); and upon consideration of the First Day Declaration; and due and sufficient notice of the interim relief sought in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on the Motion on December 9, 2014; and it appearing that the relief requested by the Motion and granted herein is

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

EAST\87360611.3

in the best interests of the Debtors, their estates, their creditors, stakeholders and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby **ORDERED, that:**

1.  The Motion is GRANTED on an interim basis as set forth herein.

2.  The Debtors are authorized to continue to use their existing Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

3.  The Debtors, in their discretion, are authorized, but not directed, to (i) designate, maintain, and continue to use any and all of their Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in **Exhibit C** annexed to the Motion, and need not comply with certain operating guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines. (ii) close existing or open new accounts, whether or not such banks are designated depositories in this District, and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; provided, however, that the Debtors are only authorized to open new accounts (a) with a bank that is organized under the laws of the United States of America or any state therein and that is insured by the FDIC, and (b) designated a "Debtor in Possession" account by the relevant bank.

4.  The relief granted in this Order is extended to any new Bank Account opened by the Debtors after the date hereof. To the extent the Debtors open or close bank accounts, they shall provide prompt notice to the United States Trustee.

5.  The Debtors will imprint the designation "Debtor in Possession" upon their existing Business Forms, to the extent practicable, and are otherwise authorized to continue

using their existing Business Forms. Upon depletion of the Debtors' check stock, the Debtors will obtain new check stock bearing the designation "Debtor in Possession."

6. After the Petition Date, and subject to the terms of this Order, the Banks are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Bank Accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, and (b) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank's as service charges for the maintenance of the Debtors' Cash Management System; provided, however, that no checks, drafts, wires, or electronic fund transfers (excluding any electronic fund transfers that the banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored, unless (a) authorized by order of this Court, (b) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtors, and (c) supported by sufficient funds in the Bank Account in question.

7. Subject to the provisions of this Order, the Banks are authorized and directed to honor all representations from the Debtors as to which checks should be honored or dishonored. The Banks shall not have any liability to any party for relying on such representations.

8. The Debtors are hereby granted a 45-day extension from the date of the entry of this Order to comply with the deposit and investment requirements under section 345(b) of the Bankruptcy Code or file a motion for additional time to comply or a waiver of the requirements under section 345(b) of the Bankruptcy Code.

9. The Debtors shall serve a copy of this order on all of the Banks within five (5) business days of the entry of this order, or immediately upon the opening of a new bank account.

10. To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

12. The deadline to object to the final relief sought in the Motion is **December 22, 2014 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

13. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014 at 10:00 a.m. (Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: White Plains, New York
December 10, 2014

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE