UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

dELiA*s, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 14-23678 (RDD)

Jointly Administered

**INTERIM ORDER AUTHORIZING DEBTORS TO PAY PREPETITION
WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Upon the motion (the "Motion")[2] of dELiA*s, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), for entry of an interim (this "Order") and final order under sections 363, 507(a)(4) and 507(a)(5), 1107(a) and 1108 and Bankruptcy Rule 6003, (a) authorizing, but not directing, the Debtors, among other things, to pay prepetition wages, salaries and employee benefits, and (b) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of the interim relief sought in the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held on December 9, 2014 to consider the interim relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration, the record of the Hearing and all

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors' estates, their creditors and other parties in interest, provides an net benefit to the Debtors' estates after taking into account the priority scheme of the Bankruptcy Code, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

  **ORDERED, that**:

1. The Motion is granted on an interim basis as set forth herein.

2. Subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due, in accordance with the budget under the Debtors' postpetition financing facility, upon entry of this Interim Order; provided, however, no payment will be made to any Employee in excess of the statutory priority cap of $12,475.

3. The Debtors are authorized to continue their vacation policy, including paying employees terminated prior to the Petition Date the cash value of accrued but unpaid vacation time in an amount not to exceed $170,000; provided however, in no instance may this amount, when added with other prepetition payments to any single employee, exceed the statutory priority cap of $12,475.

4. The Debtors are authorized, but not directed, in their sole discretion, and in accordance with the budget under the Debtors' postpetition financing facility, to honor and

continue their expense reimbursement and Employee Benefit Obligations that were in effect as of the Petition Date, including but not limited to Vacation Time, Holiday Time, Sick Leave, Severance Obligations, Medical Plans, Dental Plan, Life Insurance Plans, 401(k) Plan, Pension Funds, Reimbursable Expenses, Vehicle Expenses and workers' compensation and state workers' compensation programs; provided, however, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Obligations, including, policies, plans, programs, practices, and procedures, under section 365(a) of the Bankruptcy Code.

5. The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Prepetition Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

6. The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, union dues, health care payments, retirement fund withholding, and other types of withholding, whether these relate to the period prior to the Petition Date.

7. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

8. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365, (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law and any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, or (d) be otherwise enforceable by any third party.

9. Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

11. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The deadline to object to the Motion on a final basis is **December 22, 2014 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

15. The final hearing to consider entry of a, order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014 at 10:00 a.m. (Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
      December 10, 2014

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE