UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14- 23678 (RDD)<br><br>Jointly Administered |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 1107 AND 1108 AND FED. R. BANKR. P. 6003 AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING INSURANCE POLICIES AND PAY ALL INSURANCE OBLIGATIONS ARISING THEREUNDER, AND (II) TO RENEW, REVISE, EXTEND, SUPPLEMENT, CHANGE OR ENTER INTO NEW INSURANCE POLICIES**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections 105, 361, 362, 363, 364, 1107, and 1108 of the Bankruptcy Code, and Bankruptcy Rule 6003 authorizing, but not directing, the Debtors to (i) maintain their existing insurance policies and to pay all insurance obligations arising thereunder or in connection therewith, and (ii) to renew, revise, extend, supplement, change or enter into new insurance coverage and insurance premium financing as needed in their business judgment; and upon the First Day Declaration and the record of the hearing held by the Court on the Motion on December 9, 2014; and due and sufficient notice of the interim relief sought in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, their shareholders and other parties in interest and provides a net basis to the Debtors' estates after taking into account the priority scheme of the Bankruptcy

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Code; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay any obligations may become due in the ordinary course of business with respect to the D&O Policy.

3. The Debtors are authorized, but not directed, to maintain their Insurance Policies, and to pay the Insurance Obligations and Premium Financing Obligations arising under or in connection with the Insurance Policies as such Insurance Obligations and Premium Financing Obligations as they become due. For the avoidance of doubt, this includes payment of all Insurance Obligations and Premium Financing Obligations attributable to the prepetition period (plus any unforeseen deductible payment amounts for prepetition claims).

4. The Debtors are authorized, but not directed, in accordance with the budget under the Debtors' postpetition financing facility, to continue their prepetition practice of paying all consultant fees arising under or in connection with the Insurance Policies as they become due, including, without limitation, all fees payable to the Insurance Consultants.

5. Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into new insurance coverage and premium financing agreements as needed in their business judgment.

6. The Debtors are authorized, but not directed, to continue their insurance premium financing and to pay their regular monthly installment payments under the Premium Financing Agreement as the same become due.

7.  All authorized payments made pursuant to this Order shall be in accordance with the budget under the Debtors' post-petition financing facility.

8.  All banks are (a) authorized and directed to receive, process, honor and pay any and all checks drawn on the payroll, drafts and other forms of payment, including fund transfers, used by the Debtors to satisfy their Insurance Obligations and Premium Financing Obligations, whether presented before, on or after the Petition Date; (b) authorized to rely on the representations of the Debtors as to which checks are subject to this Motion; provided that sufficient funds are on deposit in the applicable accounts to cover such payments; and (c) prohibited from placing any holds on, or attempting to reverse, any automatic transfers for Insurance Obligations or Premium Financing Obligations; provided further, that the Debtors are authorized to issue new postpetition checks to replace any checks, drafts and other forms of payment, or effect new postpetition fund transfers, which may be inadvertently dishonored or rejected and to reimburse any expenses that may incur as a result of any bank's failure to honor a prepetition check.

9.  Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

10. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

13. The deadline to object to the final relief sought in the Motion is **December 22, 2014 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

14. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014 at 10:00 a.m. (Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: White Plains, New York
December 10, 2014

                                              /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE