UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14- 23678 (RDD)<br><br>Jointly Administered |

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(8), AND 541 AND FED. R. BANKR. P. 6003 AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION SALES, USE AND OTHER SUCH TRUST FUND TAXES AND RELATED OBLIGATIONS

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections 105(a), 507(a)(8), and 541 of the Bankruptcy Code and Bankruptcy Rule 6003 (i) authorizing, but not directing, the Debtors to remit and pay sales and use taxes and similar "trust fund" taxes (the "Taxes") as the Debtors, in their discretion, deem necessary to various federal, state, county and city taxing and licensing authorities (the "Taxing Authorities"), and (ii) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing; and upon the First Day Declaration and the record held by the Court on the Motion on December 9, 2014; and due and sufficient notice of the interim relief sought in Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion and granted herein is in the best interests of the Debtors, their estates, creditors, stakeholders and other parties in interest and provides a net benefit to the

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Debtors' estates after taking into account the priority scheme of the Bankruptcy Code; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby **ORDERED, that**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, in their sole discretion, and in accordance with the budget under the Debtors' postpetition financing facility, to pay all prepetition Taxes owing to Taxing Authorities in the ordinary course of their businesses in an aggregate amount of approximately $535,000.

3. All applicable banks and other financial institutions are hereby authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor and pay all prepetition and postpetition checks, drafts and other forms of payment, including fund transfers, on account of the Taxes whether such checks or other requests were submitted prior to or after the Petition Date.

4. The Debtors' banks and other financial institutions are authorized rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for this order.

5. To the extent the Debtors have not yet sought to remit payment to the Taxing Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Taxing Authorities, to the extent necessary to pay Taxes.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Taxing Authority.

7. Nothing in the Motion or this order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Taxes allegedly due or owing to any Taxing Authorities, and all of the Debtors' rights with respect thereto are hereby reserved.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. The deadline to object to the Motion on a final basis is **December 22, 2014, at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

11. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014, at 10:00 a.m. (Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

3

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: White Plains, New York
         December 10, 2014

                                            /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE