UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14- 23678 (RDD)<br><br>Jointly Administered |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A),
363(B), 503(B), 506, 1107 AND 1108 AND FED. R. BANKR. P. 6003
AUTHORIZING PAYMENT OF CERTAIN PREPETITION
SHIPPING AND DELIVERY CHARGES**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105(a), 363(b), 503(b), 506, 1107 and 1108 and Bankruptcy Rule 6003, authorizing the Debtors to pay certain prepetition shipping and delivery charges and related possessory liens; and upon the First Day Declaration and the record of the hearing held by the Court on the Motion on December 9, 2014; and due and sufficient notice of the interim relief requested in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, their shareholders and other parties in interest and provides a net benefit to the Debtors' estates after taking into account the priority scheme of the Bankruptcy Code; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby **ORDERED,** that:

    1.      The Motion is GRANTED on an interim basis as set forth herein.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2.      The Debtors are authorized, but not directed, to make such payments to the Shippers as the Debtors determine, in the exercise of their business judgment and in accordance with the budget under the Debtors' postpetition financing facility, are necessary or appropriate in order to obtain release of goods held by such Shippers.  All payments made pursuant to this Order shall be subject to the following conditions:

(a)     The Debtors, in their sole discretion, shall determine which parties, if any, are entitled to payment under this Motion;

(b)     Prior to making a payment to a party under this Motion, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of such party for less than their face amount without further notice or hearing; and

(c)     The applicable Shipper, as a condition to payment, agrees to (i) release any liens it may have and (ii) on a prospective bases, provide credit, pricing or payment terms equal to, or better than, provided to the Debtors prepetition.

3.      The Shippers shall have administrative expense claims with priority under Bankruptcy Code section 503(b) for those undisputed obligations arising from prepetition purchase orders outstanding as of the Petition Date and relating to goods delivered, received and accepted by the Debtors after the Petition Date, including goods in transit on or after the Petition Date, and the Debtors are authorized to pay, in accordance with the budget under the Debtors' postpetition and financing facility, such claims in the ordinary course of business.

4.      All banks are (a) authorized and directed to receive, process, honor and pay any and all checks drawn on the payroll, drafts and other forms of payment, including fund transfers, used by the Debtors to satisfy their Shipping Charges, whether presented before, on or after the Petition Date; (b) authorized to rely on the representations of the Debtors as to which checks are subject to this Motion; provided that sufficient funds are on deposit in the applicable accounts to cover such payments; and (c) prohibited from placing any holds on, or

attempting to reverse, any automatic transfers for Shipping Charges; provided, further that the Debtors are authorized to issue new postpetition checks to replace any checks, drafts and other forms of payment, or effect new postpetition fund transfers, which may be inadvertently dishonored or rejected and to reimburse any expenses that Shippers may incur as a result of any bank's failure to honor a prepetition check.

5. The Debtors are authorized to issue postpetition checks as necessary to replace any prepetition checks that were issued with respect to the Shipping Charges and may be dishonored.

6. Nothing herein shall be deemed an assumption or an authorization to assume any contracts or other agreements with any of the Shippers pursuant to 11 U.S.C. § 365. The Debtors reserve the right to (i) not pay any prepetition claims of the Shippers, and (ii) reject any contract or agreement with any of the Shippers if the Debtors, in the exercise of their business judgment, determine that it is in the best interests of the Debtors' estates and creditors.

7. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims on any ground permitted by applicable law.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. The deadline to object to the Motion on a final basis is **December 22, 2014 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

11. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014 at 10:00 a.m. (Eastern**

**Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated:  White Plains, New York
              December 10, 2014

                                                                    /s/Robert D. Drain
                                                                    UNITED STATES BANKRUPTCY JUDGE