UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14- 23678 (RDD)<br><br>Jointly Administered |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363,
507(A)(7), 1107 AND 1108 AND FED. R. BANKR. P. 6003 AUTHORIZING
CONTINUATION OF CERTAIN CUSTOMER PRACTICES**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections 105(a), 363, 507(a)(7), 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003, authorizing the Debtors to continue (a) to honor prepetition obligations owed to customers on account of gift cards, gift certificates, certain returns, refunds, and exchanges; (b) to continue certain promotional programs; and (c) to receive, process and honor credit card transactions; and upon the First Day Declaration and the record of the hearing held by the Court on the Motion on December 9, 2014; and due and sufficient notice of the interim relief sought in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion and granted is in the best interests of the Debtors, their estates, their creditors, their shareholders and other parties in interest and provides a net benefit to the Debtors' estates after taking into account the priority scheme of the Bankruptcy Code; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to honor those prepetition Customer Programs that they deem necessary and in the best interests of their estates, creditors and stakeholders, in the same manner as such obligations were honored and such Customer Programs were implemented before the commencement of these Chapter 11 Cases, all in accordance with the terms of the Agency Agreement.

3. The Debtors and the Liquidating Agent are authorized, but not directed, to continue to receive, process and honor credit card transactions and debit transactions and continue to pay, processing and related fees to credit card companies, credit card processors and debit service providers in accordance with the terms of the Agency Agreement.  The Debtors are further authorized, but not directed, to pay all Chargebacks along with the other fees related to Credit Card Processing.  All payments made by the Debtors pursuant this Order are subject to the budget under the Debtors' postpetition financing facility.

4. All banks are (a) authorized and directed to receive, process, honor and pay any and all checks drawn on the payroll, drafts and other forms of payment, including fund transfers, used by the Debtors on account of the Customer Programs and Credit Card Processing, whether presented before, on or after the Petition Date, (b) authorized to rely on the representations of the Debtors as to which checks are subject to this Motion, provided that sufficient funds are on deposit in the applicable accounts to cover such payments, and (c) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the Customer Programs and Credit Card Processing; provided that the Debtors are authorized to issue new postpetition checks to replace any checks, drafts and other forms of payment, or effect new postpetition fund

2

transfers, which may be inadvertently dishonored or rejected and to reimburse any expenses that may be incurred as a result of any bank's failure to honor a prepetition check.

5. The Debtors are authorized, but not directed, to continue, renew, replace, modify and/or terminate the Customer Programs and Credit Card Processing as they deem appropriate, in their discretion, without further application to the Court.

6. Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

7. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

10. The deadline to object to the relief sought in the Motion on a final basis is **December 22, 2014 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

11. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **December 23, 2014 at 10:00 a.m. (Eastern Time)**; and any objections to entry of such order shall be in writing, filed with the Court (with a copy to

3

Chambers) and served upon: (i) the Debtors, 50 West 23rd Street, 10th Floor, New York, New York 10010, Attn: Ryan A. Schreiber, Esq.; (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 25th Floor, New York, New York 10020-1104, Attn: Gregg M. Galardi, Esq.; (iii) Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano, Esq. and Richard C. Morrissey, Esq.; (iv) Choate Hall & Stewart, LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (v) DiConza Traurig Kadish LLP, 630 Third Avenue, 7th Floor, New York, New York 10017, Attn: Maura I. Russell, Esq.; and (vi) counsel to any statutory committee appointed in these Chapter 11 Cases so that it is actually received on or before the Objection Deadline.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: White Plains, New York
December 10, 2014

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE