**Presentment Date:  February 25, 2015  at 12:00 p.m. (Eastern Time)**
**Objection Deadline:  February 25, 2015 at 11:30 a.m. (Eastern Time)**
**Hearing Date and Time (only if objection filed):  TBD**

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| dELiA*s, INC., *et al.*, | Case No. 14-23678 (RDD) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND**
**AGREED ORDER APPROVING REMITTANCE OF LETTER OF CREDIT**
**PROCEEDS BALANCE AND CANCELLATION AND TERMINATION OF LETTER**
**OF CREDIT BY ROSENTHAL & ROSENTHAL INC.**

**PLEASE TAKE NOTICE** that on December 7, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE NOTICE** that on February 20, 2015, the Debtors filed the annexed *Stipulation and Agreed Order Approving Remittance of Letter of Credit Proceeds Balance and Cancellation and Termination of Letter of Credit by Rosenthal & Rosenthal Inc.* (the "Stipulated Order").

**PLEASE TAKE FURTHER NOTICE** that the Stipulated Order contains releases of claims and avoidance actions by the Debtor Releasing Parties with respect to the Factored Accounts, the Letter of Credit, the Factor Balance and the Prepetition Payments, all as further

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.

EAST\90762738.7

described in the Stipulated Order.[2]

**PLEASE TAKE FURTHER NOTICE** that the Stipulated Order will be presented for signature to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, Room 118, White Plains, New York, 10601 (the "Bankruptcy Court") on **February 25, 2015 at 12:00 p.m. (Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the relief requested in the Stipulated Order must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hard-copy delivered directly to the Judge's Chambers), and be served in accordance with General Order M-399, and upon (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Gregg M. Galardi Esq., Dienna Corrado, Esq. and Arkady A. Goldinstein, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq. and Serene Nakano, Esq.); (iii) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola, Esq. and Seth Mennillo, Esq.); (iv) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Robert L. LeHane, Esq. and Gilbert R. Saydah, Jr., Esq.); and (v) McGuirewoods LLP, 77 West Wacker Drive, Chicago, IL 60601 (Attn: Brian I. Swett, Esq. and Nancy Godinho Everett, Esq.) **so as to be actually received on or before 11:30 a.m. (Eastern Time) on February 25, 2015**.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held on a date to be determined by the Bankruptcy Court. Objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed, the Stipulated Order may be entered without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if you would like to receive copies of pleadings or documents filed in the above-captioned Chapter 11 cases, you may access such documents online (i) at the Bankruptcy Court's electronic case filing system located at www.nysb.uscourts.gov, (ii) free of charge on the website of the Debtors' proposed claims and noticing agent, Prime Clerk, at http://cases.primeclerk.com/delias, or (iii) by contacting Prime Clerk, by mail at 830 Third Avenue, 9th Floor New York, New York 10022, by telephone at (855) 842-4126, or by e-mail at deliasinfo@primeclerk.com.

---

[2] Capitalized terms not otherwise defined in this Notice of Presentment shall have the meanings ascribed to such terms in the Stipulated Order.

EAST\90762738.7

| | |
|---|---|
| Dated:  New York, New York<br>February 20, 2015 | */s/ Gregg M. Galardi*<br>Gregg M. Galardi<br>Dienna Corrado<br>Arkady A. Goldinstein<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 335-4500<br>Facsimile:  (212) 335-4501<br><br>*Counsel for the Debtors and Debtors in Possession* |

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| dELiA*s, INC., *et al.*, | Case No. 14-23678 (RDD) |
| Debtors.[1] | Jointly Administered |

**STIPULATION AND AGREED ORDER APPROVING REMITTANCE OF LETTER OF CREDIT PROCEEDS BALANCE AND CANCELLATION AND TERMINATION OF LETTER OF CREDIT BY ROSENTHAL & ROSENTHAL INC.**

This stipulation and agreed order (the "Stipulated Order") is made and entered into by and among dELiA*s, Inc. and its debtor affiliates (collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") and Rosenthal & Rosenthal Inc. ("Rosenthal", together with the Debtors, the "Parties"), through their respective and undersigned counsel, hereby agree and stipulate as follows:

**RECITALS**

**WHEREAS**, on December 7, 2014 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under Chapter 11 of the

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

EAST\90762738.7

Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes;

WHEREAS, prior to the Petition Date Rosenthal factored, purchased, was assigned and/or made other financial accommodations with respect to certain accounts receivable arising from the sale of goods and/or provision of services by numerous vendors (collectively, the "Factored Accounts") to the Debtors which are clients of Rosenthal;

WHEREAS, Rosenthal requested that the Debtors arrange to have a standby letter of credit issued for the benefit of Rosenthal as beneficiary to induce Rosenthal to factor, purchase, be assigned and/or make other financial accommodations with respect to the Factored Accounts;

WHEREAS, upon the request of the Debtors, General Electric Capital Corporation (the "Bank") issued an Irrevocable Letter of Credit, dated October 30, 2001, in the face amount of $800,000 for the benefit of Rosenthal (as amended and supplemented, the "Letter of Credit");

WHEREAS, prior to the Petition Date, Rosenthal received payments and/or other transfers from the Debtors on account of the Factored Accounts, to or for the benefit of Rosenthal (the "Prepetition Payments");

WHEREAS, as of the Petition Date, the aggregate of the amounts outstanding on account of the Factored Accounts totaled $305,070.45 (the "Factor Balance");

WHEREAS, following the Petition Date, Rosenthal drew on the Letter of Credit and received $693,327.86 (the "LOC Proceeds") from the Bank;

WHEREAS, after application of the LOC Proceeds against the Factor Balance, $388,257.41 of the LOC Proceeds remains (the "LOC Proceeds Balance");

**WHEREAS**, $106,672.14 remains undrawn on the Letter of Credit (the "LOC Undrawn Balance");

**WHEREAS**, the Debtors assert that they are entitled to receive the LOC Proceeds Balance and the LOC Undrawn Balance and have requested that Rosenthal (a) remit the LOC Proceeds Balance to the Debtors; and (b) cancel and terminate the Letter of Credit so that the LOC Undrawn Balance may be remitted by the Bank to the Debtors;

**WHEREAS**, the Debtors have advised Rosenthal that, as of the date of entry of this Stipulated Order, they have not conveyed, transferred and/or assigned the right to pursue any claims and/or causes of action arising under Chapter 5 of the Bankruptcy Code or comparable provisions of applicable non-bankruptcy law (collectively, the "Avoidance Claims") to any other party and/or entity, and no order has been entered by the Bankruptcy Court conveying, transferring, assigning and/or authorizing any other party and/or entity to pursue the Avoidance Claims; and

**WHEREAS**, following good faith negotiations through their respective attorneys, the Parties have agreed to the terms of this Stipulated Order.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties to this Stipulated Order, and upon approval of the Court, it shall be **SO ORDERED THAT**:

1.   This Stipulated Order is approved pursuant to sections 105 and 363(b) of the Bankruptcy Code as fair, reasonable, and in the best interests of the Debtors' estates and their creditors.

2.   No later than three (3) business days following Rosenthal's receipt of proof of the entry of this Stipulated Order by the Court, Rosenthal shall remit the LOC Proceeds Balance to the Debtors by wire transfer pursuant to wire instructions provided by the Debtors.

EAST\90762738.7

3. Rosenthal will take all actions necessary to cancel, terminate and return (to Wells Fargo, the servicer thereof) the Letter of Credit in accordance with its terms within two (2) business days following approval of this Stipulated Order by the Court (the "Termination Date"). Within three (3) business days following Wells Fargo's confirmation to the Bank of the cancellation and termination of the Letter of Credit, the Bank shall remit the LOC Undrawn Balance to the Debtors by wire transfer pursuant to wire instructions provided by the Debtors.

4. Subject to the Challenge Period (as defined in the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection and (III) Granting Certain Related Relief* [Docket No. 140] entered by the Bankruptcy Court on January 9, 2015 (the "Final DIP Order")), the LOC Proceeds Balance and the LOC Undrawn Balance shall be paid and applied in accordance with the Final DIP Order and the Debtors' postpetition financing credit facility with Salus Capital Partners, LLC.

5. Upon approval of the Stipulated Order by the Bankruptcy Court, Rosenthal shall have no claim in these Chapter 11 Cases, whether scheduled or otherwise, against the Debtors other than its rights under this Stipulated Order. Any claims on account of the Factored Accounts shall be deemed satisfied in their entirety immediately upon approval of this Stipulated Order, and any proofs of claim filed on account of the Factored Accounts may be expunged from the claims register.

6. Upon the payment of the LOC Proceeds Balance to the Debtors in accordance with this Stipulated Order, any and all claims, rights, entitlements, charges, fees, penalties, expenses, obligations, causes of action and liabilities, including, but not limited to, any Avoidance Claims, of whatever kind or nature, whether known or unknown, whether foreseen or unforeseen, arising on or before the entry of this Stipulated Order, which any of the Debtors or

their respective estates, successors, assigns, affiliates, and representatives (in their capacities as such), including any current or subsequently appointed committees, Chapter 11 or 7 trustees) (collectively, the "Debtor Releasing Parties") ever had, now have or hereafter can, shall or may have against Rosenthal or its successors, assigns, affiliates, and representatives (in their capacities as such) (collectively the "Rosenthal Parties") for, upon or by reason of any matter, cause or thing whatsoever, which are based upon, arise under or are related to the Factored Accounts or the Letter of Credit, including claims related to the Factor Balance and/or the Prepetition Payments, shall be released, waived, discharged and no longer enforceable without further action being required to effectuate the foregoing.

7. Upon payment of the LOC Proceeds Balance to the Debtors in accordance with this Stipulated Order, any and all claims, rights, entitlements, charges, fees, penalties, expenses, obligations, causes of action and liabilities, of whatever kind or nature, whether known or unknown, whether foreseen or unforeseen, arising on or before the entry of this Stipulated Order, which any of the Rosenthal Parties ever had, now have or hereafter can, shall or may have against any of the Debtor Releasing Parties for, upon or by reason of any matter, cause or thing whatsoever, which are based upon, arise under or are related to the Factored Accounts or the Letter of Credit, including claims related to the Factor Balance and/or the Prepetition Payments, shall be released, waived, discharged and no longer enforceable without further action being required to effectuate the foregoing.

8. This Stipulated Order may not be modified, adjusted, or revised in any manner except as agreed-to in writing by the Parties.

9. If this Stipulated Order is not entered by the Court, nothing in this Stipulated Order shall be an admission or deemed an admission by either Party.

10. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulated Order.

11. No negotiations or writing in connection with this Stipulated Order shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

12. Notwithstanding anything herein to the contrary, this Stipulated Order will not be effective and binding on either Party until its entry by the Court.

13. This Stipulated Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

14. The terms and conditions of this Stipulated Order shall be immediately effective and enforceable upon its entry by the Court.

15. The Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulated Order.

16. The undersigned represent and warrant that they are fully authorized to execute this Stipulation and Order on behalf of the persons and entities indicated below.

| | |
|---|---|
| **DLA PIPER LLP (US)** | **ROSENTHAL & ROSENTHAL, INC.** |
| */s/ Gregg M. Galardi* | */s/ Tony DiTorro* |
| Gregg M. Galardi | Tony DiTirro |
| Dienna Corrado | Senior Vice President |
| Arkady A. Goldinstein | 1370 Broadway |
| 1251 Avenue of the Americas | New York, NY 10018 |
| New York, New York 10020 | Telephone: (212) 356-1464 |
| Telephone: (212) 335-4500 | Facsimile: (212) 356-3464 |
| Facsimile: (212) 335-4501 | |

*Counsel for the Debtors and Debtors in Possession*

EAST\90762738.7

**SO ORDERED.**

Dated: February [__], 2015
      White Plains, New York

_____
UNITED STATES BANKRUPTCY JUDGE
