Hearing Date and Time: March 20, 2015 at 10:00 a.m. (Eastern Time)
Objection Deadline: March 6, 2015 at 4:00 p.m. (Eastern Time)

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY
OF AN ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on December 7, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on the date hereof, the Debtors filed the annexed *Debtors' Motion for Entry of an Order Extending Exclusive Periods to File Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121(d) of the Bankruptcy Code* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has been scheduled for **March 20, 2015 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge in the United States

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

EAST\94284699.7

Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hard-copy delivered directly to the Judge's Chambers), and be served in accordance with General Order M-399, and upon (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Gregg M. Galardi Esq., Dienna Corrado, Esq. and Arkady A. Goldinstein, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq. and Serene Nakano, Esq.); (iii) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola, Esq. and Seth Mennillo, Esq.); and (iv) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Robert L. LeHane, Esq. and Gilbert R. Saydah, Jr., Esq.), **so as to be actually received on or before 4:00 p.m. (Prevailing Eastern Time) on March 6, 2015**.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, then such objection will be heard at the Hearing. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed, an order on the Motion, substantially in the form attached thereto, may be entered without a hearing.

| | |
|---|---|
| Dated: February 24, 2015<br>New York, New York | */s/ Gregg M. Galardi*<br>Gregg M. Galardi<br>Dienna Corrado<br>Arkady A. Goldinstein<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4500<br>Facsimile: (212) 335-4501<br><br>*Counsel for the Debtors and Debtors in Possession* |

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

dELiA*s, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, (the "Proposed Order") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the Debtors' exclusive periods to file a chapter 11 plan and to solicit acceptances thereof. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

EAST\94284699.7

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**BACKGROUND**

2. On December 7, 2014 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 12, 2014, an official committee of unsecured creditors (the "Committee") was appointed in these Chapter 11 Cases. As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases. These Chapter 11 Cases are jointly administered for procedural purposes only.

4. The factual background describing the Debtors' business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Edward Brennan Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 16].

5. On January 9, 2015, the Court entered the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection and (III) Granting Certain Related Relief* [Docket No. 140] (the "Final DIP Order"), authorizing the Debtors to enter into a postpetition financing credit facility with Salus Capital Partners, LLC, as lender and administrative agent (the "DIP Agent").

6.      On the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) (I) Approving the Debtors' Assumption of Agency Agreement, (II) Authorizing the Debtors' to Sell Certain Assets through Store Closing Sales, (III) Authorizing the Debtors to Abandon Unsold Property, (IV) Waiving Compliance With Contractual Store Closing Sale Restrictions and Exempting the Debtors From State and Local Wage Requirements and Laws Restricting Store Closing Sales, (V) Granting Related Relief, and (VI) Scheduling a Final Hearing* [Docket No. 15] (the "Agency Motion").  On December 9, 2014, the Court entered an order granting the Agency Motion on an interim basis.  On December 24, 2014, the Court entered an order granting the Agency Motion on a final basis.  Pursuant to the Agency Agreement, the Agents conducted going out of business sales ("GOB Sales") at the Debtors' stores, which proceeded much more rapidly than was originally anticipated.  The GOB Sales at the Debtors' stores concluded on February 23, 2015.

7.      The Debtors are in the process of maximizing the value of the Debtors' remaining assets, such as selling their intellectual property, their owned real estate and office lease, and recovering the funds that collateralize certain letters of credit.

**RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order extending (a) the Exclusive Filing Period (as defined herein) by sixty (60) days, through and including June 5, 2015; and (b) the Exclusive Solicitation Period (as defined herein) by sixty (60) days, through and including August 4, 2015.  Unless extended, the Debtors' initial Exclusive Filing Period will expire on April 6, 2015 and the Debtors' initial Exclusive Solicitation Period will expire on June 5, 2015.  The Debtors also request that such an extension be without prejudice to the Debtors' rights to request further extensions of the Exclusive Periods (as defined herein) or to seek other appropriate relief.

## BASIS FOR RELIEF

9. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a chapter 11 plan within the Exclusive Filing Period, then it has an initial period of 180 days after the commencement of its chapter 11 case to solicit acceptances of such plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"). Section 1121(d) of the Bankruptcy Code permits the Court to extend the Exclusive Periods for "cause."

10. The Exclusive Periods established by section 1121 of the Bankruptcy Code are intended to afford a debtor an opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the restructuring of its business that might be caused by the filing of competing plans by non-debtor parties. Section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtors' Exclusive Periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

11. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of the particular case. See In re Borders Group, Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) (citations omitted) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (citations omitted) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific."). Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989). Courts have found that Congress did not intend the 120-day and 180-day periods to be a hard and fast rule. See Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity).

12. Congress intended that the Exclusive Periods be of an adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan of reorganization, which by definition means one supported by some or all of a debtor's key constituents, without the disruption to its business that would occur with the filing of competing plans. See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A. (In re Geriatrics Nursing Home, Inc.), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress recognized that often a

120-day exclusivity period will not afford a debtor sufficient time to formulate and negotiate the terms of a plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement. . . . [T]he bill allows the flexibility for individual cases that is unavailable today.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

13. When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with its creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. See, e.g., Adelphia, 352 B.R. at 587.

A. **DUE TO THE SIZE AND COMPLEXITY OF THE DEBTORS' CASES, THE DEBTORS REQUIRE ADDITIONAL TIME TO PREPARE ADEQUATE INFORMATION AND FORMULATE A CHAPTER 11 PLAN.**

14. The Debtors' Chapter 11 Cases are large and complex. Prior to the Petition Date, the Debtors operated 92 stores located in 29 states. The Agents conducted GOB Sales worth millions of dollars, and the Debtors' Schedules of Assets and Liabilities [Docket Nos. 218-226] (the "Schedules") list approximately $38 million of assets and $43 million of liabilities as of the Petition Date. See Debtors' Schedules.

**B.    THE DEBTORS HAVE MADE GOOD FAITH PROGRESS IN THESE CASES AND DO NOT SEEK EXTENSION OF THE EXCLUSIVE PERIODS TO PRESSURE CREDITORS OR FOR ANY OTHER IMPROPER REASONS.**

15.    Working in close collaboration with the Committee, the Debtors have made material progress in these Chapter 11 Cases and do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. To the contrary, the Debtors intend to file a disclosure statement and chapter 11 plan in the near term and the purpose of the Debtors' present request for an extension of the Exclusive Periods is, among other things, to avoid the filing of competing plans and to ensure that the Debtors have an opportunity to seek and address the concerns of all stakeholders.

16.    The Debtors indeed have made significant progress in their Chapter 11 Cases. As with most chapter 11 cases, the initial 120-day period in these Chapter 11 Cases was dominated by the Debtors' transition into chapter 11 and the activities attendant to the conduct of the GOB Sales and disposition of various assets. Since the commencement of these Chapter 11 Cases, among other accomplishments, the Debtors have:

    a.    obtained necessary "first day" relief to avoid operational disruption;

    b.    obtained approval of the assumption of the Agency Agreement in order to commence the GOB Sales;

    c.    negotiated with parties in interest with respect to the terms of the DIP Financing;

    d.    continued to negotiate the sale of their assets including but not limited to: (i) rights to the Debtors' intellectual property; (ii) claim in the Visa/MasterCard class action litigation; and (iii) the Debtors' distribution center located in Hanover, Pennsylvania;

    e.    negotiated and entered into stipulations with various parties for the return of the cash collateralizing certain letters of credit;

    f.    resolved a number of bankruptcy-related operational issues with various vendors;

    g.    prepared and filed their Schedules and Statements of Financial Affairs [Docket Nos. 209-226] (collectively, the "<u>Schedules and Statements</u>");

    h.    rejected a number of unexpired store leases (as soon as the GOB Sales completed at each store) and rejecting unnecessary and burdensome executory contracts; and

    i.    sought to establish bar dates for the submission of proofs of claims by parties in interest.

17. The filing of the Schedules and Statements, and the establishment of bar dates in particular, will aid the Debtors' and Committee's efforts in determining which claims will need to be addressed through the Debtors' chapter 11 plan. Based on the foregoing, the Debtors respectfully submit that the significant progress they have made in their Chapter 11 Cases to date regarding the wind down of their operations provides additional support for the relief requested herein.

**C.  THE DEBTORS ARE PAYING THEIR DEBTS AS THEY COME DUE.**

18. The Debtors continue to pay timely their undisputed postpetition obligations as they become due and anticipate providing in their chapter 11 plan that any unpaid administrative claims will be satisfied in cash upon the effective date of such plan. As such, the requested extension of the Exclusive Periods will afford the Debtors a meaningful opportunity to negotiate, formulate and confirm a chapter 11 plan without prejudice to parties in interest in these Chapter 11 Cases.

**D.  THE DEBTORS HAVE REASONABLE PROSPECTS FOR FILING A VIABLE PLAN BASED UPON THE COMMITTEE'S SUPPORT TO DATE.**

19. The Debtors believe they have reasonable prospects for filing a viable plan. As the Court is aware, the Debtors have worked collaboratively with the Committee in every step of the Debtors' wind down of their business and operations during the pendency of these Chapter 11 Cases. To date, the Debtors' efforts to maximize recoveries to their estates have received

support by the Committee. The Debtors will continue to consult with the Committee in formulating a chapter 11 plan.

20. Notably, however, the Debtors do not have significant excess assets at hand to fund unnecessary administrative costs, and a termination of exclusivity could lead to unproductive disputes over competing plans that could actually impair the Debtors' ability to promulgate a viable plan in these Chapter 11 Cases.

E. **THE DEBTORS' CASES HAVE BEEN PENDING FOR JUST UNDER THREE MONTHS.**

21. The Debtors commenced these cases on December 7, 2014, less than three (3) months ago. This is the first request the Debtors have made for an extension of the Exclusive Periods.

F. **TERMINATION OF THE DEBTORS' EXCLUSIVE PERIODS COULD ADVERSELY IMPACT THESE CASES.**

22. Termination of the Debtors' Exclusive Periods could adversely impact the progress of these Chapter 11 Cases. In effect, if this Court were to deny the Debtors' request for an extension of the Exclusive Periods, any party in interest would then be free to propose a plan of liquidation for each of the Debtors, which would likely foster a chaotic environment with no central focus. Neither the Debtors nor their creditors can afford to enter into a litigious environment of competing chapter 11 plans. In fact, such an environment would not only be counterproductive, it may significantly delay these Chapter 11 Cases. Any unnecessary delay would increase the costs of administration of the Debtors' bankruptcy estates without any corresponding benefit to their estates, and ultimately serve to reduce stakeholder recoveries.

23. As set forth above, since the Petition Date, the Debtors have focused much of their time and resources on, among other things, addressing issues in connection with the GOB

Sales and negotiating with potential purchasers with respect to the various remaining assets of the Debtors.

24. Relief similar to the relief requested herein has been granted in this District. See, e.g., In re LHI Liquidation Co. Inc., Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Apr. 9, 2014) (extending the exclusive filing period by 60 days and the exclusive solicitation period by 60 days); In re K-V Discovery Solutions, Inc., Case No. 12-13346 (ALG) (Bankr. S.D.N.Y. Nov. 16, 2012) (same); In re Hostess Brands, Inc., Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Aug. 8, 2012) (extending the exclusive filing period by 90 days and the exclusive solicitation period by approximately 150 days).

25. The facts and circumstances of these Chapter 11 Cases and the express terms of section 1121(d) of the Bankruptcy Code support granting the Debtors' request for a sixty-day extension of the Exclusive Periods in these Chapter 11 Cases.

## NO PRIOR REQUEST

26. No previous request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

27. Notice of this Motion will be given to: (i) the Office of the U.S. Trustee; (ii) counsel to the DIP Agent; (iii) counsel to General Electric Capital Corporation as the issuer of the prepetition letter of credit agreement; (iv) counsel to the Committee; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York, (vii) the U.S. Securities and Exchange Commission; (viii) any such other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: February 24, 2015
      New York, New York

<u>*/s/ Gregg M. Galardi*</u>
Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

**ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Periods, all as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these Chapter 11 Cases and that no further or other notice need be given; and a hearing having been held to consider the relief requested in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and any objections to the requested

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

relief having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors' Exclusive Filing Period shall be extended through and including June 5, 2015.

3. The Debtors' Exclusive Solicitation Period shall be extended through and including August 4, 2015.

4. The entry of this Order shall be without prejudice to the rights of the Debtors to request further extensions of the Exclusive Periods or to seek other appropriate relief.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation and implementation of this Order.

Dated: _____, 2015
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE