Hearing Date and Time: March 20, 2015 at 10:00 a.m. (Eastern Time)
Objection Deadline: March 6, 2015 at 4:00 p.m. (Eastern Time)

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| dELiA*s, INC., *et al.*, | Case No.  14-23678 (RDD) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN
ORDER EXTENDING THE TIME TO ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE** that on December 7, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on the date hereof, the Debtors filed the annexed *Debtors' Motion for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Residential Real Property* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has been scheduled for **March 20, 2015 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.

EAST\95531577.4

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion must be made in writing, state with particularity the grounds therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, be filed electronically in text searchable portable document format (PDF) with the Court in accordance with General Order M-399 (General Order M-399 can be found at www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system and by all other parties in interest (with a hard-copy delivered directly to the Judge's Chambers), and be served in accordance with General Order M-399, and upon (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Gregg M. Galardi Esq., Dienna Corrado, Esq. and Arkady A. Goldinstein, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard C. Morrissey, Esq. and Serene Nakano, Esq.); (iii) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola, Esq. and Seth Mennillo, Esq.); and (iv) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Robert L. LeHane, Esq. and Gilbert R. Saydah, Jr., Esq.), **so as to be actually received on or before 4:00 p.m. (Prevailing Eastern Time) on March 6, 2015**.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, then such objection will be heard at the Hearing. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed, an order on the Motion, substantially in the form attached thereto, may be entered without a hearing.

Dated:  February 24, 2015
         New York, New York

*/s/ Gregg M. Galardi*
Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

2

Gregg M. Galardi
Dienna Corrado
Arkady A. Goldinstein
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| dELiA*s, INC., *et al.*, | Case No. 14-23678 (RDD) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THE TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

dELiA*s, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to section 365(d)(4)(B) of title 11 of the United States Code (the "Bankruptcy Code") extending the time by which the Debtors must assume or reject unexpired leases of nonresidential real property (the "Unexpired Leases") by 90 days, from April 6, 2015 through and including June 5, 2015, without prejudice to the Debtors' right to seek further extensions, if necessary. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is section 365(d)(4)(B) of the Bankruptcy Code.

**BACKGROUND**

2. On December 7, 2014 (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 12, 2014, an official committee of unsecured creditors (the "Committee") was appointed in these Chapter 11 Cases. As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases. These Chapter 11 Cases are jointly administered for procedural purposes only.

4. The factual background describing the Debtors' business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Edward Brennan Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 16].

5. On January 9, 2015, the Court entered the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection and (III) Granting Certain Related Relief* [Docket No. 140] (the "Final DIP Order"), authorizing the

Debtors to enter into a postpetition financing credit facility with Salus Capital Partners, LLC, as lender and administrative agent (the "DIP Agent").

6. On the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) (I) Approving the Debtors' Assumption of Agency Agreement, (II) Authorizing the Debtors' to Sell Certain Assets through Store Closing Sales, (III) Authorizing the Debtors to Abandon Unsold Property, (IV) Waiving Compliance With Contractual Store Closing Sale Restrictions and Exempting the Debtors From State and Local Wage Requirements and Laws Restricting Store Closing Sales, (V) Granting Related Relief, and (VI) Scheduling a Final Hearing* [Docket No. 15] (the "Agency Motion"). On December 9, 2014, the Court entered an order granting the Agency Motion on an interim basis. On December 24, 2014, the Court entered an order granting the Agency Motion on a final basis. Pursuant to the Agency Agreement, the Agents conducted going out of business sales ("GOB Sales") at the Debtors' stores, which proceeded much more rapidly than was originally anticipated. The GOB Sales at the Debtors' stores concluded on February 23, 2015.

7. On January 9, 2015, this Court entered the *Order Approving Procedures for Rejection of Unexpired Leases* [Docket No. 134] (the "Lease Rejection Procedures Order"). Pursuant to the Lease Rejection Procedures Order, the Debtors have filed notices of rejection of all of their store leases that have closed following the GOB Sales.

8. As of the date of the filing of the Motion, the Debtors believe that the only remaining Unexpired Lease of nonresidential real property is the lease for their corporate headquarters located at 50 West 23rd Street, New York, New York 10010 (the "Office Lease"). The Debtors are currently working diligently with their real estate consultant, A&G Realty Partners, LLC, to market the Office Lease with a number of various potential interested parties.

3

Notwithstanding negotiations with respect to the Office Lease with the landlord and other interested parties, on February 13, 2015, the landlord under the Office Lease ("Two Trees Management") filed a motion to compel payment for postpetition use and occupancy of premises, to compel assumption and rejection of a lease by a date certain, and for relief from the automatic stay to gain possession of the premises that is the subject of the Office Lease [Docket No. 241 and 242].

**RELIEF REQUESTED**

9.    Currently, the deadline for the Debtors to assume or reject Unexpired Leases is April 6, 2015 (the "365(d)(4) Deadline"). By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, extending the 365(d)(4) Deadline (including the Office Lease) by 90 days, from April 6, 2015 through and including June 5, 2015, without prejudice to the Debtors' right to seek further extensions, if necessary.

**BASIS FOR RELIEF**

10.    Section 365(d)(4) of the Bankruptcy Code, provides, in part, that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected and the debtor shall immediately surrender that nonresidential real property to the lessor, if the debtor does not assume or reject the unexpired lease by the earlier of: (a) the date that is 120 days after the Commencement Date; or (b) the date of the entry of an order confirming a plan. See 11 U.S.C. § 365(d)(4)(A).

11.    The Court, however, may extend this deadline for an additional 90 days "for cause" and "may grant a subsequent extension only upon prior written consent of the lessor in each instance." See 11 U.S.C. § 365(d)(4)(B). The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code nor does the Bankruptcy Code establish formal criteria for

4

evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

(a) whether the lease is the debtor's primary asset;

(b) whether the debtor has had sufficient time to formulate a plan of reorganization;

(c) whether the debtor was paying for the use of the property; and

(d) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code.

See South St. Seaport Ltd. P'ship v. Burger Boys, Inc., (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996) (citing Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105-06 (2d Cir. 1982)) (noting that the list of factors "is by no means exhaustive," and a bankruptcy court may consider others, such as the complexity of the debtor's case and the number of leases the debtor must evaluate); In re Enron Corp., 330 B.R. 387, 393 n.10 (Bankr. S.D.N.Y. 2005) (finding that courts in the Second Circuit consider the factors provided in Burger Boys, among others, when setting the time for a debtor to assume or reject a contract); In re 611 Sixth Ave. Corp., 191 B.R. 295, 298, 302-03 (Bankr. S.D.N.Y. 1996) (extending debtor's time to assume or reject lease where lease was primary asset and essential to debtor's plan, reversion would confer a windfall on the landlord, and, at the early stage of the case, the debtor required more time to resolve mechanics' liens and other claims prior to deciding whether it could assume the lease). The foregoing factors weigh in favor of granting the Debtors' requested extension.

5

**A.    CAUSE EXISTS TO EXTEND THE 365(d)(4) DEADLINE BY 90 DAYS.**

12.    Several factors individually, and collectively, constitute cause for an extension of the 365(d)(4) Deadline for the Unexpired Leases, which as of the date hereof likely consists of the Office Lease.  First, the Office Lease is one of the few remaining assets of the Debtors that could generate value for the Debtors' estates and their creditors.  As indicated above, the Debtors are actively marketing the Office Lease and need additional time to explore alternatives to maximize the value of this asset.

13.    Second, the Debtors' executives and the remaining limited staff continue to work tirelessly on numerous operational issues related to the orderly liquidation of the Debtors' assets and wind down of their operations.  Given the rapid pace of these Chapter 11 Cases, forcing the Debtors to assume or reject the Office Lease at this juncture would be premature, create unnecessary distraction and expenses, and adversely impact the wind down process.

14.    Third, if the Debtors precipitously reject the Office Lease or are deemed to reject it by operation of section 365(d)(4) of the Bankruptcy Code, they may incur unnecessary rejection damage claims or administrative claims, as the case may be.  The Debtors need additional time to consider, in consultation with the Committee, whether to reject or possibly assume and assign, the Office Lease in order to maximize value for the benefit of the Debtors' estates and creditors.  Fourth, the Debtors have paid their "stub rent" for the post-petition portion obligations for December 2014.[2]

15.    Where, as here, the initial period to assume or reject unexpired nonresidential leases is inadequate to make determinations regarding the assumption and rejection of all of the debtor's unexpired leases of nonresidential real property, bankruptcy courts have routinely

---

[2] In Burger Boys, the Court of Appeals for the Second Circuit noted that while "the debtor's current payment status remains a relevant consideration" in deciding whether to extend the deadline to assume or reject unexpired leases, it is not "the only consideration."  Burger Boys, 94 F.3d at 761.

extended such periods, especially in retail bankruptcy cases. See, e.g, In re Uno Rest. Holdings Corp., Case No. 10-10209 (Bankr. S.D.N.Y. May 11, 2010) (granting 90-day extension of the 120-day period to assume or reject unexpired leases); In re Finlay Enters., Inc., Case No. 09-14873 (Bankr. S.D.N.Y. Dec. 17, 2009) (same); In re BI-LO, LLC, Case No. 09-02140 (Bankr. D.S.C. May 21, 2009) (same).

16.     In sum, the proposed extension of the 365(d)(4) Deadline by 90 days, through and including June 5, 2015 is necessary, appropriate and in the best interests of the Debtors' estates. Accordingly, the Debtors respectfully request that the Court grant the requested extension.

## NOTICE

17.     No trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to the DIP Agent; (iii) counsel for GE Capital; (iv) counsel to the Committee; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York, (vii) the U.S. Securities and Exchange Commission; (viii) the lessors under any remaining Unexpired Lease, including the Office Lease; and (ix) entities known or reasonably believed to have any such other party entitled to notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be given.

## NO PRIOR REQUEST

18.     No previous request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order,

7

substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper

Dated: February 24, 2015　　　　　　　　　　*/s/ Gregg M. Galardi*
　　　　New York, New York　　　　　　　　Gregg M. Galardi
　　　　　　　　　　　　　　　　　　　　　Dienna Corrado
　　　　　　　　　　　　　　　　　　　　　Arkady A. Goldinstein
　　　　　　　　　　　　　　　　　　　　　DLA PIPER LLP (US)
　　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 335-4500
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 335-4501

　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Extension Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

### ORDER EXTENDING THE TIME TO ASSUME OR REJECT
### UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 365(d) of the Bankruptcy Code extending the time by which the Debtors must decide to assume or reject Unexpired Leases, all as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these Chapter 11 Cases and that no further or other notice need be given; and a hearing having been held to consider the relief requested in the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is: 50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED to the extent set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the time within which the Debtors must assume or reject Unexpired Leases, including the Office Lease, is extended through and including June 5, 2015.

3. The extension granted in this Order is without prejudice to the Debtors' right to seek further extensions of their time to assume or reject Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code.

4. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order.

5. Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or (b) an admission, for any purpose, with respect to whether any of the Debtors' contracts, agreements or leases is an unexpired lease of nonresidential real property within the meaning of section 365 of the Bankruptcy Code.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation and implementation of this Order.

Dated: _____ , 2015
       White Plains, New York

                                                 _____
                                                 THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE