UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

### ORDER APPROVING THE SALE OF THE VISA/MASTERCARD CLAIM

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") approving the sale of all of the Debtors' right, title and interest in the Visa/MasterCard Claim pursuant to the terms in the agreement attached hereto as Exhibit 1 (the "APA") with Jefferies Leveraged Credit Products, LLC or its designee (the "Purchaser"), as more fully set forth in the Motion; and it appearing that notice of the Motion was adequate and proper under the circumstances of these Chapter 11 Cases and that no further or other notice need be given; and there being no objections to the requested relief or the entry of this Order; and upon the record of the Auction and of the hearing held by the Court on the Motion on March 20, 2015 (the "Sale Hearing"); and the Court having determined that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, and creditors and

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225). The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:**

A.   **Jurisdiction and Venue**:  This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and this is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court can enter a final order.  Venue of these Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   **Statutory Predicates**:  The statutory bases for the approval of the APA and the sale of the Visa/MasterCard Claim are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 6004 and 6006 and Local Rules 6004-1 and 6006-1.

C.   **Opportunity to be Heard**:  A reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions pursuant thereto has been afforded to all interested parties, including without limitation, (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to the DIP Agent; (iii) counsel to General Electric Capital Corporation as the issuer of the prepetition letter of credit agreement; (iv)  counsel for the Committee; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York, (vii) the U.S. Securities and Exchange Commission; and (viii) any entities known or reasonably believed to have any such other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).  The notice provided constitutes good, adequate and sufficient notice of the Motion and the Sale Hearing under the circumstances of these Chapter 11 Cases, and no other or further notice of the Motion or the Sale Hearing or

2

entry of this Order need be given.  There were no objections to the Motion or the entry of this Order.

D. **Marketing Process**: The Debtors have thoroughly marketed the Visa/MasterCard Claim and have conducted the bidding and auction process in accordance with the Bidding Procedures Order [Docket No. 280].  The Debtors and their advisors have negotiated and undertaken their roles leading to the APA in a diligent, non-collusive, fair and good faith manner.

E. **Highest and Best Offer**:  The APA and the consideration to be realized by the Debtors (i) is the highest and best offer received by the Debtors, as established by a fair and thorough auction process, (ii) is fair and reasonable, and (iii) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.  There is no legal or equitable reason to delay entry into the transactions contemplated by the APA.

F. **Business Judgment**: The Debtors' decision to sell the Visa/MasterCard Claim is a reasonable exercise of sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

G. **Time of the Essence**:  Time is of the essence in effectuating the APA.  Based on the record at the Sale Hearing and for the reasons stated on the record at the Sale Hearing, the transactions contemplated by the APA must be closed rapidly following entry of this Order to maximize the value that the Debtors may realize from the sale of the Visa/MasterCard Claim.  Accordingly, sufficient cause exists to lift the stay imposed by Bankruptcy Rules 6004(h) and 6006(d) or otherwise and permit the immediate effectiveness of this Order.

H. **Sale Free and Clear**: Pursuant to section 363(f) of the Bankruptcy Code, the Visa/MasterCard Claim may be sold free and clear of all liens, claims and encumbrances in or on

3

the Claim of any kind or nature (the "Encumbrances"). A sale of the Debtors' right, title and interest in the Visa/MasterCard Claim other than one free and clear of all Encumbrances, and without the protections of this Order, would hinder the Debtors' ability to obtain the consideration provided for in the Visa/MasterCard Claim and thus would impact materially and adversely the value that the Debtors' estates would be able to obtain for the sale of the Visa/MasterCard Claim. But for the protections afforded to of the Purchaser under the Bankruptcy Code and this Order, the Purchaser would not have offered to pay the consideration contemplated in APA. In addition, any entity with an Encumbrance on the Visa/MasterCard Claim (a) has consented to the Sale, (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest, or (c) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All Encumbrances on the Visa/MasterCard Claim will be satisfied at or promptly after the closing or will attach to the proceeds of the sale with the same force, effect and priority as such liens currently have, subject to the rights and defenses, if any, of the Debtors and any party in interest with respect thereto. Moreover, holders of Encumbrances who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Therefore, approval of the APA and consummation of the transactions contemplated therein free and clear of Encumbrances is appropriate pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtors' estates, their creditors and other parties in interest. Subject to the Challenge Period (as defined in the Final DIP Order), that portion of the net proceeds of the sale of the Visa/MasterCard Claim that is payable to the Debtors shall be used in accordance with the terms of the DIP Facility and the Final DIP Order.

  I.  **Arm's-Length Sale**: The consideration to be paid by the Purchaser was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the Visa/MasterCard Claim under the Bankruptcy Code, Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the laws of the United States, any state, territory, possession thereof or the District of Columbia.  The terms and conditions set forth in the APA are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws.  The APA and the transactions contemplated therein may not be avoided as a fraudulent conveyance.

  J.  **Good Faith**: The Debtors and the Purchaser, and their respective officers, members, management and board of directors, employees, agents and representatives actively participated in the bidding process and acted in good faith.  The APA was negotiated and entered into based upon arm's-length bargaining, without collusion or fraud, and in good faith as that term is used in section 363(m) of the Bankruptcy Code.  The Purchaser shall be protected by section 363(m) of the Bankruptcy Code in the event this Order is reversed or modified on appeal.  The Debtors were free to deal with any other party interests in buying the Visa/MasterCard Claim.  The Debtors and the Purchaser have not engaged in any conduct that would cause or permit the APA or any related action or transaction contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code, or prevent the application of section 363(m) of the Bankruptcy Code.

  K.  **Insider Status**: The Purchaser is not an "insider" or "affiliate" of the Debtors as those terms are defined in section 101(31) of the Bankruptcy Code.  No common identity of directors or controlling stockholders exists between the Purchaser and the Debtors.

5

L.    **Corporate Authority**:  The Debtors have full corporate or other power to (i) execute, deliver and perform their obligations under the APA, (ii) consummate the transactions contemplated by the APA, and (iii) have taken all actions necessary to authorize and approve the APA and the transactions contemplated thereby.  No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate the transactions contemplated by the APA.

M.    **No Successor Liability**: Except as specifically provided for in the APA, no sale, transfer or other disposition of the Visa/MasterCard Claim to the Purchaser will subject the Purchaser to any liability for, any claims, obligations, debts, liabilities, obligations or expenses of any kind or nature whatsoever of the Debtors by reason of such transfer under any law.  None of the Purchasers is a successor to the Debtors or their estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion is granted as set forth herein.

2.    Any remaining objections to the Motion or the relief requested in therein that have not been withdrawn, waived, or settled, and all reservation of rights included in such objections are overruled in all respects and denied.

3.    The Debtors are authorized to enter into the APA and take all actions necessary to consummate the transactions contemplated thereby.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the sale and transfer of the Debtors' right, title and interest in the Visa/MasterCard Claim to the Purchaser pursuant to the APA are legal, valid and effective disposition of the Visa/MasterCard Claim, and vests the Purchaser with all right, title and interest of the Debtors to and in the Visa/MasterCard Claim free and clear of all Encumbrances.

4. The Debtors are authorized to (i) pay a termination fee to Cascade Settlement Services LLC or its designee ("Cascade") in the amount of $8,200.00, which shall be payable from the cash purchase price from the Purchaser, and (ii) return the deposit provided by Cascade, within five (5) business days following the Closing Date (as defined in the APA).

5. All Encumbrances on the Visa/MasterCard Claim will be satisfied at or promptly after the closing or will attach to the proceeds of the sale with the same force, effect and priority as such liens currently have, subject to the rights and defenses, if any, of the Debtors and any party in interest with respect thereto. Subject to the Challenge Period (as defined in the Final DIP Order), that portion of the net proceeds of the sale of the Visa/MasterCard Claim that is payable to the Debtors shall be used in accordance with the terms of the DIP Facility and the Final DIP Order. The Debtors may pay the 2% Break-up Fee to the Stalking Horse Bidder, as provided in the Court's prior Order approving Bidding Procedures.

6. Except as specifically provided for in the APA, the sale, transfer or other disposition of the Visa/MasterCard Claim to the Purchaser will not subject the Purchaser to any liability for, any claims, obligations, debts, liabilities, obligations or expenses of any kind or nature whatsoever of the Debtors by reason of such transfer under any law.

7. The APA and the transactions contemplated thereby may not be avoided under 11 U.S.C. § 363(n).

8. Upon the Closing, Purchaser will be deemed to have acted in good faith, as that term is used in 11 U.S.C, § 363(m), with respect to entry into the APA and consummation of the transactions thereby, and no reversal or modification of this Order on appeal will affect the validity of the APA or the transactions contemplated thereby.

9. This Order and the APA shall inure to the benefit of and be binding on the Purchaser, the Debtors, their estates, their creditors, and their respective successors and assigns, and any trustees, if any, subsequently appointed in the Debtors' Chapter 11 Case or upon a conversion of the Chapter 11 Cases to Chapter 7 under the Bankruptcy Code.

10. The findings of fact and conclusions of law set forth in this Order regarding the Purchaser and its relationship with and to the Debtors are applicable solely to the APA and the transactions contemplated thereby. Nothing set forth herein shall affect or limit the rights of the Debtors' estates or any party in interest in these Chapter 11 Cases with respect to any other transaction or course of dealing between and among the Purchaser (or any of its affiliates) and the Debtors.

11. To the extent of any inconsistency between this Order or the APA, this Order shall control.

12. This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Bankruptcy Rules 6004(h) and 6006(d) is waived.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 20, 2015
      White Plains, New York

                                       /s/Robert D. Drain
                                       HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**APA**