UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>dELiA*s, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-23678 (RDD)<br><br>Jointly Administered |

**ORDER AUTHORIZING AND APPROVING THE
SALE OF THE DEBTORS' DISTRIBUTION CENTER**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 105(a), and 363 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") approving the sale of the Debtors' Distribution Center, all pursuant to the terms in the agreement attached hereto as Exhibit A (the "APA") with Hanover Real Estate Partners LP or its designee (the "Purchaser"), as more fully set forth in the Motion; and it appearing that notice of the Motion was adequate and proper under the circumstances of these Chapter 11 Cases and that no further notice need be given; and there being no objections to the requested relief; and upon the record of the hearing held by the Court on the Motion on April 2, 2015, the Court having previously held a hearing and entered an order approving bidding procedures in respect ot the Distribution Center and related assets; and the Court having determined that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  dELiA*s, Inc. (7172); dELiA*s Distribution Company (9076); A Merchandise, LLC (7639); dELiA*s Operating Company (3765); dELiA*s Retail Company (0036); dELiA*s Group Inc. (4035); AMG Direct, LLC (9236); dELiA*s Assets Corp. (3754); DACCS, Inc. (0225).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  50 West 23rd Street, New York, NY 10010.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

EAST\97067677.3

and creditors and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:**

A.  **Jurisdiction and Venue**: This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157(a)-(b) and 1334(b). Venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  **Statutory Predicates**: The statutory bases for the approval of the APA and the sale of the Distribution Center and any furniture, fixtures and equipment located therein (the "FF&E") are sections 105(a) and 363 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

C.  **Opportunity to be Heard**: A reasonable opportunity to object or be heard regarding the relief requested in the Motion and granted herein and the transactions pursuant thereto has been afforded to all interested parties, including without limitation, (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to Salus Capital Partners, LLC, as lender and administrative agent under the Debtors' postpetition credit facility (the "DIP Agent"), (iii) counsel to General Electric Capital Corporation as the issuer of the prepetition letter of credit agreement, (iv) counsel for the Committee, (v) the Internal Revenue Service, (vi) the United States Attorney for the Southern District of New York, (vii) the U.S. Securities and Exchange Commission, and (viii) any entities known or reasonably believed to

have any interest in the assets to be sold and such other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).  The notice provided constitutes good, adequate and sufficient notice of the Motion and the hearing on the Motion (the "Sale Hearing") under the circumstances of these Chapter 11 Cases, and no other or further notice of the Motion or the Sale Hearing or entry of this Order need be given.

D. **Marketing Process**: The Debtors have thoroughly marketed the Distribution Center and FF&E and have conducted the bidding and auction process in accordance with the Bidding Procedures Order [Docket No. 369].  The Debtors and their advisors have negotiated and undertaken their roles leading to the APA in a diligent, non-collusive, fair and good faith manner.

E. **Highest and Best Offer**:  The APA and the consideration to be realized by the Debtors (i) is the highest and best offer received by the Debtors, (ii) is fair and reasonable, and (iii) is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.  There is no legal or equitable reason to delay entry into the transactions contemplated by the APA.

F. **Business Judgment**:  The Debtors' decision to sell the Distribution Center and FF&E under the APA is a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and is in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

G. **Time of the Essence**:  Time is of the essence in effectuating the APA.  Based on the record at the Sale Hearing and for the reasons stated on the record at the Sale Hearing, the transactions contemplated by the APA must be closed rapidly following entry of this Order to maximize the value that the Debtors may realize from the sale of the Distribution Center and

FF&E.  Accordingly, sufficient cause exists to lift the stay imposed by Bankruptcy Rules 6004(h) and 6006(d) or otherwise and permit the immediate effectiveness of this Order.

   H.  **Sale Free and Clear**:  The Distribution Center and FF&E may be sold free and clear of all liens, claims, interests and encumbrances, subject to the Permitted Exceptions (the "Encumbrances").  A sale of the Distribution Center and FF&E other than one free and clear of all Encumbrances, and without the protections of this Order, would hinder the Debtors' ability to obtain the consideration provided for the Distribution Center and FF&E and thus would impact materially and adversely the value that the Debtors' estates would be able to obtain for the sale of the Distribution Center and FF&E.  But for the protections afforded to of the Purchaser under the Bankruptcy Code and this Order, the Purchaser would not have offered to pay the consideration contemplated in APA.  In addition, any entity with an Encumbrance on the Distribution Center or FF&E (a) has consented to the Sale, (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest, or (c) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and, therefore, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  All Encumbrances on the Distribution Center and FF&E will be satisfied or will attach to the proceeds of the sale with the same amount, force, effect and priority as such Encumbrances currently have, subject to the rights and defenses, if any, of the Debtors and any other party in interest with respect thereto.  Moreover, holders of Encumbrances who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Therefore, approval of the APA and consummation of the transactions contemplated therein free and clear of Encumbrances is appropriate pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtors' estates, their

creditors and other parties in interest.  Notwithstanding the foregoing, subject to the Challenge Period (as defined in the Final DIP Order), that portion of the net proceeds of the sale of the Distribution Center and FF&E that is payable to the Debtors shall be used in accordance with the terms of the DIP Facility and the Final DIP Order.

   I. **Arm's-Length Sale**: The consideration to be paid by the Purchaser under the APA was negotiated at arm's-length and constitutes reasonably equivalent value and fair and adequate consideration for the Distribution Center and FF&E under the Bankruptcy Code, Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the laws of the United States, any state, territory, possession thereof or the District of Columbia.  The terms and conditions set forth in the APA are fair and reasonable under the circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws.  The APA and the transactions contemplated therein may not be avoided as a fraudulent conveyance.

   J. **Good Faith**:  The Debtors, the Purchaser and the Agents, and their respective officers, members, management and board of directors, employees, agents and representatives actively participated in the bidding process and acted in good faith.  The APA was negotiated and entered into based upon arm's-length bargaining, without collusion or fraud, and in good faith as that term is used in section 363(m) of the Bankruptcy Code.  The Purchaser shall be protected by section 363(m) of the Bankruptcy Code in the event this Order is reversed or modified on appeal.  The Debtors and the Agents were free to deal with any other parties in buying the Distribution Center and FF&E.  The Debtors, the Agents and the Purchaser have not engaged in any conduct that would cause or permit the APA or any related action or transaction

contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code, or prevent the application of section 363(m) of the Bankruptcy Code.

K.  **Insider Status**:  The Purchaser is not an "insider" or "affiliate" of the Debtors as those terms are defined in section 101(31) of the Bankruptcy Code.  No common identity of directors or controlling stockholders exists between the Purchaser and the Debtors.

L.  **Corporate Authority**:  The Debtors have full corporate or other power to (i) execute, deliver and perform their obligations under the APA and (ii) consummate the transactions contemplated by the APA, and they have taken all actions necessary to authorize and approve the APA and the transactions contemplated thereby.  No consents or approvals, other than those expressly provided for herein, are required for the Debtors to consummate the transactions contemplated by the APA.

M.  **No Successor Liability**:  Except as specifically provided for in the APA, no sale, transfer or other disposition of the Distribution Center and FF&E to the Purchaser will subject the Purchaser to any liability for any claims, obligations, debts, liabilities, obligations or expenses of any kind or nature whatsoever of the Debtors or the Agents by reason of such transfer under any law.  None of the Purchasers is a successor to the Debtors or their estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. Any remaining objections to the Motion or the relief granted herein that have not been withdrawn, waived, or settled, and all reservation of rights included in such objections, are overruled in all respects and denied.

3. The Debtors are authorized to enter into the APA and take all actions necessary to consummate the transactions contemplated thereby.  Pursuant to sections 105(a) and 363(f) of

the Bankruptcy Code, the sale and transfer of the Distribution Center and FF&E to the Purchaser pursuant to the APA will be a legal, valid and effective disposition of the Distribution Center and FF&E, and will vest the Purchaser with all right, title and interest of the Debtors to and in the Distribution Center and FF&E free and clear of all Encumbrances.

4. All Encumbrances on the Distribution Center and FF&E will be satisfied or will attach to the proceeds of the sale with the same force, effect and priority as such Encumbrances currently have, subject to the rights and defenses, if any, of the Debtors and any other party in interest with respect thereto. Subject to the Challenge Period (as defined in the Final DIP Order), that portion of the net proceeds of the sale of the Distribution Center and FF&E that is payable to the Debtors shall be used in accordance with the terms of the DIP Facility and the Final DIP Order.

5. Except as specifically provided for in the APA, the sale, transfer or other disposition of the Distribution Center and FF&E to the Purchaser will not subject the Purchaser to any liability for, any claims, obligations, debts, liabilities, obligations or expenses of any kind or nature whatsoever of the Debtors or the Agents by reason of such transfer under any law.

6. The APA and the transactions contemplated thereby may not be avoided under 11 U.S.C. § 363(n).

7. Upon the Closing, Purchaser will be deemed to have acted in good faith, as that term is used in 11 U.S.C, § 363(m), with respect to entry into the APA and consummation of the transactions thereby, and no reversal or modification of this Order on appeal will affect the validity of the APA or the transactions contemplated thereby.

8. This Order and the APA shall inure to the benefit of and be binding on the Purchaser, the Agents, the Debtors, their estates, their creditors and their respective successors

and assigns, and any trustees, if any, subsequently appointed in the Debtors' Chapter 11 Cases or upon a conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code.

9. To the extent of any inconsistency between this Order or the APA, this Order shall control.

10. This Order shall be effective and enforceable immediately upon entry. Any stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is waived, for cause.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 2, 2015
      White Plains, New York

                                                 /s/ Robert D. Drain
                                                 UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**APA**

EAST\97067677.3